UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                    Case No.  8:09-cr-159-T-24 AEP
                                                                                          8:12-cv-468-T-24 AEP

JOSHUA VANDEMARK

_____/

**ORDER**

      This cause comes before the Court on three motions: (1) Petitioner Vandemark's § 2255 Motion (CR Doc. No. 100; CV Doc. No. 1); (2) the Government's Motion to Dismiss as Time-Barred Petitioner's § 2255 Motion (CV Doc. No. 6); and (3) Petitioner's motion for extension of time to respond to the Government's motion to dismiss (CV Doc. No. 9).

**I.  Background**

      On July 8, 2009, Petitioner was charged in a superseding indictment with conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana (Count One), possession with intent to distribute marijuana (Count Two), and possessing a firearm in furtherance of a drug trafficking crime (Count Three).  (CR Doc. No. 34).  Petitioner went to trial and was found guilty on Counts One and Two.  (CR Doc. No. 59).  On December 18, 2009, Petitioner was sentenced to 120 months of imprisonment.  (CR Doc. No. 75).  Petitioner filed an appeal, and his conviction was affirmed.  (CR Doc. No. 76, 90).  Thereafter, Petitioner filed a petition for writ of certiorari with the Supreme Court, which, according to the Supreme Court's website, was denied on December 6, 2010.

      On December 15, 2011, Petitioner filed a motion to file an untimely § 2255 motion, and his motion was struck because it was unsigned.  (CR Doc. No. 94, 95).  Thereafter, he re-filed the motion to file an untimely § 2255 motion, and the Court erroneously concluded that the time

for filing a § 2255 motion had not yet expired.[1]  (CR Doc. No. 96, 97).  Thereafter, Petitioner

moved for an additional extension, which this Court erroneously granted.[2]  (CR Doc. No. 98,

99).

Petitioner submitted his § 2255 motion for filing on February 27, 2012.  (CR Doc. No.

100; CV Doc. No. 1).  The Court directed the Government to file a response, and instead, on

April 13, 2012, the Government filed a motion to dismiss the § 2255 motion as time-barred.

(CV Doc. No. 5, 6).  On April 26, 2012, the Court directed Petitioner to file a response to the

Government's motion by May 18, 2012.  (CV Doc. No. 7).  Specifically, the Court stated:

> [A]ccording to the Supreme Court website, the Supreme Court denied certiorari
> on December 6, 2010.  As such, Petitioner's conviction became final on that date,
> and the one-year period for filing a § 2255 motion expired on December 6, 2011.
> Therefore, the time for filing his § 2255 motion expired prior to Petitioner moving
> for permission to file an untimely § 2255 motion.  Furthermore, Petitioner did not
> explain in his motion why such an extension was needed, and as such, there was
> no basis for equitable tolling of the one-year deadline.

(CV Doc. No. 7).  Instead of filing a response to the Government's motion, Petitioner filed a

motion to extend the deadline for filing his response.  (CV Doc. No. 9).

## II.  Petitioner's Motion to Extend Time

Petitioner asks that the Court extend the deadline for filing his response to the

Government's motion to dismiss by 60 days, because he is in transit and unable to respond at this

time.  However, the Court concludes that because Petitioner was able to file the motion to extend

time, he should have been able to file a response to the Government's motion that explained why

---

[1]The Court mistakenly calculated the deadline for filing the § 2255 motion by using the date on the letter from the Eleventh Circuit that informed this Court of the Supreme Court's denial of certiorari (rather than looking at the Supreme Court's website to determine the date of the denial).

[2]The Court should not have considered the motion to file an untimely § 2255 motion or the motion to further extend the time for filing it, because Petitioner did not also file the § 2255 motion at the same time.  As such, the motion to file an untimely § 2255 motion and the motion to further extend the time for filing a § 2255 motion were not ripe for review.  See U.S. v. Hernandez, 431 Fed. Appx. 813, 814 (11th Cir. 2011)(citation omitted).

equitable tolling was warranted.  In fact, Petitioner should have addressed the issue of equitable tolling when he filed his § 2255 motion.  Accordingly, the Court denies Petitioner's motion to extend time to respond to the Government's motion to dismiss.

## III.  The Government's Motion to Dismiss

In its motion to dismiss, the Government points out that the Court erred in calculating the date upon which Petitioner's conviction became final, and as such, the Court also erred in calculating the date that the one-year period for filing a § 2255 motion expired.  Upon review, the Court agrees with the Government that Petitioner's conviction became final on December 6, 2010—the date that the Supreme Court denied certiorari.  As such, the one-year period for filing a § 2255 motion expired on December 6, 2011.

The Eleventh Circuit has explained that the one-year limitations period for filing a § 2255 motion may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999)(citations omitted).  However, "[e]quitable tolling is a rare and extraordinary remedy."  Doe v. U.S., 2012 WL 1138779, at *2 (11th Cir. April 6, 2012)(citation omitted).

Petitioner has not provided any basis for the Court to conclude that equitable tolling is warranted.  As such, Petitioner's § 2255 motion is untimely and must be dismissed as time-barred.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)    Petitioner's motion for extension of time to respond to the Government's motion to dismiss (CV Doc. No. 9) is **DENIED**.

(2)    The Government's Motion to Dismiss (CV Doc. No. 6) is **GRANTED.**

(3)    Petitioner's § 2255 motion (CR Doc. No. 100; CV Doc. No. 1) is **DENIED AS MOOT.**

(4)     The Clerk is directed to enter judgment in favor of the Government in the civil

case and then to close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of May, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Defendant Joshua Vandemark
Counsel of Record

4